UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

ANGELA R.,[1]

      Plaintiff,

    v.                                                                24-CV-914-LJV
                                                                            DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

———————————————————

On September 27, 2024, the plaintiff, Angela R. ("Angela"), brought this action

under the Social Security Act ("the Act").  Docket Item 1.  She seeks review of the

determination by the Commissioner of Social Security ("Commissioner") that she was

not disabled.[2]  *Id.*  On February 18, 2025, Angela moved for judgment on the pleadings,

Docket Item 7; on April 21, 2025, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 11; and on May 5, 2025, Angela replied,

Docket Item 12.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Angela applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need.  42 U.S.C. § 1382(a).

For the reasons that follow, this Court denies Angela's motion and grants the Commissioner's cross motion.[3]

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*.  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation modified) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation modified) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

interpretation, the Commissioner's conclusion must be upheld.").  But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  *Johnson*, 817 F.2d at 986.

## **DISCUSSION**

### I.    **THE ALJ'S DECISION**

On February 27, 2024, the ALJ found that Angela had not been under a disability from July 31, 2021, through the date of the decision.  *See* Docket Item 3 at 30.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.* at 22–23.

At step one, the ALJ found that Angela had not engaged in substantial gainful activity since July 31, 2021, her alleged onset date.  *Id.* at 23.  At step two, the ALJ found that Angela suffered from two severe, medically determinable impairments: "major depressive disorder and generalized anxiety disorder."  *Id.*

At step three, the ALJ found that Angela's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 24.  More specifically, the ALJ found that Angela's impairments did not meet or medically equal listing 12.04 (depressive, bipolar, or related disorders) or 12.06 (anxiety and obsessive-compulsive disorders).  *Id.*  In assessing Angela's mental impairments, the ALJ found that Angela was: (1) mildly impaired in understanding, remembering, or applying information; (2) not impaired in

interacting with others; (3) mildly impaired in concentrating, persisting, or maintaining pace; and (4) moderately impaired in adapting or managing herself. *Id.* at 25–26.

The ALJ then found that Angela had the residual functional capacity ("RFC")[4] to "perform work a full range of work at all exertional levels" except that she "may not drive as part of the job, but she can engage in simple, routine work, and she can make simple work-related decisions." *Id.* at 26.

At step four, the ALJ found that Angela could no longer perform any past relevant work. *Id.* at 28. But given Angela's age, education, and RFC, the ALJ found at step five that Angela could perform substantial gainful activity as a hand packager, package sealer, or tray worker. *Id.* at 29; *see Dictionary of Occupational Titles* 920.587-018, 1991 WL 687916 (Jan. 1, 2016); *id.* at 920.685-074, 1991 WL 687941 (Jan. 1, 2016); *id.* at 319.677-014, 1991 WL 672771 (Jan. 1, 2016). The ALJ therefore found that Angela had not been under a disability from her alleged onset date through the date of the decision. *See* Docket Item 3 at 30; *see also id.* at 22–23.

## II.    ALLEGATIONS

Angela raises one argument: that the ALJ failed to account for limitations in the opinion of Janine Ippolito, Psy.D.—an opinion that the ALJ found "very persuasive." *See* Docket Item 7-1 at 6–9. For the reasons that follow, this Court disagrees.

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

### III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  But that does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision, *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024).  So long as an ALJ considers all the medical evidence and appropriately analyzes any medical opinions, an RFC consistent with the record is not error.  *See* 20 C.F.R. § 416.945; *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On January 18, 2022, Dr. Ippolito completed a psychiatric evaluation of Angela. *See* Docket Item 3 at 405–08.  She opined that Angela had no limitations in understanding, remembering, or applying simple and complex instructions; interacting appropriately with others; sustaining a routine and regular attendance; maintaining hygiene and dressing appropriately; and being aware of normal hazards and taking appropriate precautions.  *Id.* at 407.  She also found that Angela had only mild limitations in using judgment to make work-related decisions and in sustaining concentration and performing at a consistent pace.  *Id.*  On the other hand, Dr. Ippolito found Angela to be moderately limited in regulating emotions, controlling behavior, and maintaining well-being.  *Id.*  She concluded that her "evaluation appear[ed] to be

5

consistent with psychiatric problems" but that those problems did "not appear to be significant enough to interfere with [Angela's] ability to function on a daily basis." *Id.*

Angela argues that even though the ALJ found Dr. Ippolito's opinion "very persuasive," the RFC did not include restrictions addressing limitations in that opinion—namely, moderate limitations in "regulating emotions, controlling behavior, and maintaining well-being." Docket Item 7-1 at 8. But that argument is factually incorrect.

First, the RFC restricted Angela to "simple, routine work" that involved only "simple work-related decisions." *See* Docket Item 3 at 26. Courts in this Circuit repeatedly have found such restrictions sufficient to account for moderate limitations like those that Dr. Ippolito found. *See, e.g.*, *T.L.E. v. Bisignano*, 2025 WL 2522510, at *3 (W.D.N.Y. Sept. 2, 2025) ("Up to moderate limitations in the areas of regulating emotion, controlling behavior, and maintaining well-being may be accounted for in an RFC . . . that limits a claimant to simple, routine work."); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021) ("[T]he ALJ's limiting [of the p]laintiff to . . . low stress work, defined as work involving occasional decision making, is consistent with the medical evidence in the record and is supported by the opinion of Dr. Deneen, who found that [the p]laintiff would be moderately limited in . . . regulating her emotions, behavior, and well-being."); *see also Denise Marie T.-W. v. Comm'r of Soc. Sec.*, 2024 WL 4162490, at *6 (W.D.N.Y. Sept. 12, 2024) ("Moderate limitations in some or all areas of mental functioning may be accounted for in an RFC by limiting a plaintiff to simple, routine work . . . ."). So the limitations incorporated in the RFC—that Angela could perform only "simple, routine work" and make only "simple work-related

6

decisions"—accounted for the limitations in Dr. Ippolito's opinion.  *See* Docket Item 3 at 26.

What is more, Dr. Ippolito explicitly found that Angela's mental health issues "d[id] not appear to be significant enough to interfere with [her] ability to function on a daily basis."  *See* Docket Item 3 at 407.  And at least two consultants—M. Woogen, Psy.D., and O. Fassler, Ph.D.—agreed that none of Angela's impairments significantly limited her ability to work.  *See id.* at 81 (Dr. Woogen), 95–96 (Dr. Fassler).  The RFC's limitation to simple and routine work and decisions was therefore more than adequate to account for Angela's mental health issues.

Angela also argues that even if the RFC accounted for the limitations about which Dr. Ippolito opined, the ALJ's failure to explain how it did so was error.  *See* Docket Item 7-1 at 8.  But "[a]n ALJ does not have to state on the record every reason justifying a decision," *Valdes-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)); rather, so long as an ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," there is no error, *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  And that is precisely the case here.

In sum, the ALJ crafted an RFC that was consistent with Dr. Ippolito's opinion and the medical evidence in the record.  Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did just that, her decision was supported by substantial evidence.  This Court will not second-guess it.  *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

**CONCLUSION**

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, and for the reasons stated above, Angela's motion for judgment on the pleadings, Docket Item 7, is DENIED, and the Commissioner's cross motion for judgment on the pleadings, Docket Item 11, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.


        SO ORDERED.

Dated:        April 10, 2026
              Buffalo, New York



                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

8